JUSTICE v. KENTUCKY LIFE INS. CO.

Ohio Appeals, 4th Dist., Lawrence Co.

Decided June 28, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

16. ACCIDENT INSURANCE.

Where policy provides that if, within 90 days after accident, there is loss, by actual separation, of one foot, insured should be entitled to $1000, insured who suffers complete fracture of bones of leg, resulting in amputation more than 90 days after accident, cannot recover.

Error to Common Pleas.

Judgment affirmed.

A. R. Johnson, Ironton, for Justice.

Corn & Jenkins, Ironton, and Robt. T. Caldwell, for Ky. Life Ins.

FULL TEXT.

MIDDLETON, PJ.

The parties to this proceeding stand in the same relation to each other as they stood in the court below and will be referred to herein as the plaintiff and the defendant company. The plaintiff instituted this action on a contract of accident insurance in the Court of Common Pleas, seeking to recover from the defendant company the sum of one thousand dollars for the loss of his left foot. A general demurrer to the petition was sustained by the trial court and judgment was rendered thereon, and this proceeding is prosecuted to reverse that judgment.

The particular provisions of the policy in question under which the plaintiff seeks to recover provided in substance that if within ninety days after the accident there is a loss by actual separation of one foot the insured should be entitled to the sum of one thousand dollars. The petition discloses that the plaintiff was injured on the 26th day of December, 1926, and that on the 12th day of April, 1927, the left foot of the plaintiff as a result of such injury was amputated. It therefore appears that there was not an actual separation of the foot from the body within ninety days

from the date of the injury. It is contended by the plaintiff, however, that the petition shows that on the date of the injury both bones of his left leg

"were broken, crushed and actually separated at a point about eight inches above the ankle, and that thereafter a part of said bones were taken out and the remainder were wired together for the purpose of determining whether they would knit and grow together, and that after it became apparent that they would not knit or connect that the foot was amputated at or near the point where the bones were broken or crushed."

It is further contended that the petition shows that the foot after the accident was connected to the left leg by the flesh only, and that the foot was permitted to remain so connected solely by reason of the attempt or experiment being made by surgeons to test whether it was possible for the bones to reunite.

The single question is presented here whether the foregoing facts bring the plaintiff within the indemnity to which reference has been made. It is manifest, we think, that the most that may be claimed from the foregoing facts is that at the time of the accident the plaintiff sustained a complete fracture of the bones of his left leg at a point about eight inches above the ankle. Is a complete fracture of the bones under such circumstances an actual separation of the foot from the body? We think not. A complete fracture of the bones which unite the foot with the leg is not and from the very nature of things can not be an actual separation of the foot from the body. Whatever may have been the reason for delaying an amputation of this foot such reason can not change the express provisions of the policy. The policy does not insure against an actual separation for an indefinite period of time. Such separation under the express terms of the policy must occur within the time named in the policy. **Buford v. Insurance Company, 3 Fed. Rep. 263, 2nd series.** To hold otherwise under the facts in this case would be to not only disregard the provisions of the policy but to say in effect that when there is a complete fracture of bones under the circumstances named in this case there is an actual separation of the member of the body injured. This would extend the insurance to injuries neither covered nor contemplated by the provisions named.

The judgment is affirmed.

(Mauck and Thomas, JJ., concur.)